## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOEL FEDOR, | ) | CASE NO. 1:21-cv-1125 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | **AND ORDER** |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation of Magistrate Judge Reuben J. Sheperd ("R&R") (Doc. No. 20), recommending that this Court affirm the decision by defendant Commissioner of Social Security (the "Commissioner") denying plaintiff Joel Fedor's ("Fedor") application for Disability Insurance Benefits ("DIB"). Fedor filed a timely objection to the R&R (Doc. No. 21 (Objection)), and the Commissioner filed a response. (Doc. No. 22 (Response).) Upon *de novo* review of the applicable sections, and for the reasons set forth below, the Court overrules Fedor's objection, accepts the R&R, affirms the Commissioner's decision, and dismisses this case.

I.    **BACKGROUND**[1]

In  March  2019,  Fedor  filed  an  application  for  Disability  Insurance  Benefits  ("DIB"),

alleging a disability onset date of January 1, 2016. (*See* Doc. No. 14, at 216.)[2] Fedor's application

for DIB was denied initially and upon reconsideration. (*Id.* at 74–84, 125–44.) Fedor requested a

hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on September 4,

2020. (*Id.* at 171, 32–73.)

The ALJ issued his decision on September 28, 2020. (*Id.* at 14–27.) The ALJ found that

Fedor's impairments, alone or in combination, did not meet or medically equal the severity of any

of the listed impairments in the Social Security regulations, and that Fedor retained the residual

functional capacity ("RFC") to perform a range of light duty work with specific limitations. (*Id.* at

19–27.) Specifically, the ALJ concluded that Fedor could perform a significant number of jobs

existing in the national economy and was therefore not disabled, as that term is defined by the

applicable Social Security regulations. (*Id.* at 26–27.) The Appeals Council declined to review the

ALJ's decision on April 9, 2021 (*Id.* at 5–7), and Fedor filed this action on June 4, 2021, seeking

judicial review. (Doc. No. 1.)

On October 1, 2021, the Commissioner filed an unopposed motion for remand under

Sentence Six of 42 U.S.C. § 405(g) for irregularities in the hearing recording process. (Doc. No.

7.) On October 29, 2021, this Court granted the motion and remanded the matter with instruction

to the Appeals Council to remand to an ALJ to hold another hearing and issue a new decision; the

case was then administratively closed. (Doc. Nos. 8, 9.) A new hearing before the ALJ was held

---

[1] The R&R contains a detailed recitation of the factual and procedural background in this case, to which Fedor does not object. (*See* Doc. No. 20, at 2–14.) The Court adopts those portions of the R&R and includes only the background pertinent to Fedor's objection to the R&R.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

on February 21, 2024. (Doc. No. 15, at 38–73.) The ALJ issued a second written decision on March 3, 2023, again finding Fedor not disabled. (*Id.* at 11–30.) The Appeals Council declined jurisdiction on May 10, 2024, making the hearing decision the final decision of the Commissioner. (*Id.* at 4–6.)

The case was reopened by this Court on June 11, 2024 (s*ee* Order [non-document], 6/11/2024), and was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). (Automatic Reference [non-document], filed 9/5/2024.) Fedor, represented by counsel, filed a brief on the merits on September 13, 2024 (Doc. No. 17), and the Commissioner filed a response on October 4, 2024. (Doc. No. 19.) On January 17, 2025, the magistrate judge issued his R&R, recommending that the Commissioner's decision be affirmed because the ALJ's decision applied the appropriate legal standards and was supported by substantial evidence. (Doc. No. 20.) Fedor timely filed an objection, and the Commissioner filed a response. (Doc. Nos. 21, 22.)

## II.     STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Objections to a report and recommendation must be sufficiently specific to focus the court's attention on contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); Local Rule 72.3(b) (providing that the objecting party shall file "written objections which shall specifically identify

3

the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

The Court's review of the Commissioner's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." (internal citations omitted)).

## III.    DISCUSSION

Fedor's objection, which is largely cut-and-pasted from his merits brief to the magistrate judge, raises a single objection to the R&R. According to Fedor, the magistrate judge erred in finding that the ALJ had considered the totality of the medical evidence in this matter, because the

ALJ failed to consider "both severe and non-severe" impairments in making his RFC determination. (Doc. No. 21, at 2–4; *see also* Doc. No. 17, at 13–14 (same).) Specifically, Fedor argues that "the ALJ failed to consider any effects related to [his] continuing breathing problems along with his cardiac and musculoskeletal and psychiatric impairments and related symptoms." (Doc. No. 21, at 2; Doc. No. 17, at 13 (same).) Therefore, Fedor argues, the RFC determination "was not supported by substantial evidence." (Doc. No. 21, at 2; Doc. No. 17, at 1, 8, 9, 10, 14 (same).)

As an initial matter, Fedor raises an improper objection by asserting the same argument set forth in his merits brief, which the magistrate judge directly considered and ultimately rejected. (Doc. No. 20, at 16–22 ("Fedor brings one issue for this Court's review: whether the ALJ erred by failing to support his RFC determination with substantial evidence[.]").) Fedor's re-hashing of an argument already considered by the magistrate judge is insufficient. *See, e.g.*, *Davenport v. Comm'r of Soc. Sec.*, No. 1:19-cv-1206, 2020 WL 5569620, at *2 (N.D. Ohio Sept. 17, 2020) (rejecting plaintiff's objections because they simply restated arguments presented to the magistrate judge); *Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (recognizing that objections that do "nothing more than restate an argument previously presented [and] a disagreement with [the] magistrate judge's suggested resolution" are equivalent to a failure to object); *George v. Astrue*, No. 3:09-cv-194, 2010 WL 2430772, at *2 (E.D. Tenn. June 11, 2010) ("Because plaintiff simply recites, almost verbatim, the same arguments considered by [the magistrate judge], *de novo* review of plaintiff's arguments would make the original referral to the magistrate judge useless and would waste judicial resources. Accordingly, the Court does not consider plaintiff's arguments to be specific objections to the

R&R and it will not engage in *de novo* review." (internal citation omitted)).[3]

Even if the objection was proper, Fedor's argument is unpersuasive. As the R&R correctly explained, the record is clear that the ALJ considered both Fedor's severe and non-severe impairments in his RFC analysis. (*See* Doc. No. 20, at 16–22.)

As to Fedor's back issues, the ALJ noted that "all diagnoses appear in the record without benefit of radiographic/imaging studies," and that "[r]eferral to an updated imaging study was made . . . but declined by [Fedor's] insurance company for want of documentation of four-to-six weeks of physical therapy." (Doc. No. 15, at 21 (internal record citations omitted).) The ALJ found that "[s]uch a referral [to physical therapy] was made, but the evidence does not indicate compliance." (*Id.* (internal record citations omitted).) The ALJ further noted that Fedor "was using significant narcotic pain medications," which "were reported as helpful, to an extent that [Fedor] expended considerable effort in attempting to acquire more, and of stronger dosage." (*Id.* at 21 (internal record citations omitted).) Fedor "declined to return [to pain management] after the provider recommended weaning from narcotics and participation in the chronic pain rehabilitation program." (*Id.* (internal record citations omitted).) Finally, the ALJ observed that "[c]lininical examinations included in the evidence have consistently, albeit not universally, reported either mildly adverse, or benign findings," and that Fedor "did not follow any other discernable form of treatment" during the relevant time-period. (*Id.* at 22.) Accordingly, the ALJ concluded that "the record, when considered as a whole, is not supportive of the contention that the existence of this impairment would be preclusive of all types of work." (*Id.* at 21.)

---

[3] *See also Jarbou v. J.P. Morgan Chase Bank Nat. Ass'n*, No. 14-11688, 2014 WL 5361985, at *1 (E.D. Mich. Oct. 21, 2014) ("Plaintiffs' Counsel appears to have simply 'cut and paste' portions of his response to Defendant's Motion to Dismiss into another document he titled as an objection. Thus, Plaintiff has not asserted any actual objections to the R & R that require review or analysis by this Court."), *aff'd sub nom. Jarbou v. JPMorgan Chase Bank N.A.*, 611 F. App'x 342 (6th Cir. 2015).

The ALJ also addressed Fedor's "alleged respiratory impairment" and associated diagnoses, and again found them not to be preclusive of work. (*Id.*) The ALJ found that, despite evidence that a bronchodilator provided "significant improvement" for Fedor's respiratory symptoms, Fedor had "a lengthy and persistent history of non-compliance with his medications, including his respiratory medications," and "remained a daily cigarette smoker throughout the period relevant to [his] claim." (*Id.* (internal record citations omitted).) The ALJ also noted that Fedor "did not require emergent treatment, hospitalization, or mechanical intubation/ventilation" for any respiratory issues during the relevant time-period. (*Id.*)

Likewise, the ALJ found Fedor's "alleged cardiac impairment" to not be preclusive of work. The ALJ noted that Fedor's heart-related clinical examinations during the relevant time-period revealed mostly "unremarkable," "mildly adverse, or benign findings," and that even though Fedor was "prescribed multiple prescription medications intended to address his [cardiac] impairment," he had "a lengthy and persistent history of non-compliance with his medications, including his cardiology medications, office visits and treatment recommendations, including cardiac rehabilitation training." (*Id.* at 23 (internal record citations omitted).)

Finally, as to Fedor's psychiatric symptoms, the ALJ found that Fedor "had contented himself with treatment by psychotropic medications, provided by his primary care physician, declining several referrals to formal behavioral health, and said to be effective in reducing his symptoms." (*Id.* at 25 (internal record citations omitted).) The ALJ further noted that the mental status examination, which occurred outside the relevant time-period, "described either mildly adverse, or benign findings," with Fedor presenting "normal thought content and intellectual function, and with fair insight and judgment." (*Id.* (internal record citations omitted).)

After considering each of these alleged impairments (and others) and the supporting record,

the ALJ concluded that "the evidence would indicate that the symptom limitations relevant to these impairments are not as severe as alleged." (*Id.*) As the R&R correctly found, "the ALJ provided substantial evidence from the medical record to support his RFC findings." (Doc. No. 20, at 17.) While Fedor believes that the ALJ should have interpreted the evidence in such a way as to find a more restrictive RFC, the R&R correctly concluded that Fedor's argument "amounts to an invitation to re-weigh the evidence," which neither the magistrate judge nor this Court is permitted to do. (Doc. No. 20, at 17.) *See Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) ("We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence." (citation omitted)); *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020) ("[T]his court does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job." (citations and internal quotation marks omitted)).

Accordingly, because the ALJ properly applied the relevant regulations, and because the resulting conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision notwithstanding the fact that Fedor believes the evidence also supported a contrary conclusion. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."); *Buxton*, 246 F.3d at 772 ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." (citations omitted)); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281–82 (6th Cir. 2009) ("If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.'" (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)).

## IV.    CONCLUSION

For the reasons discussed above, Fedor's objection to the R&R (Doc. No. 21) is **OVERRULED**. The R&R (Doc. No. 20) is **ACCEPTED**. Because the Commissioner's decision to deny DIB is supported by substantial evidence, that decision is **AFFIRMED**, and this case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: February 19, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

9